UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPILLWAY INVESTMENTS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 04-2451 |
| PILOT TRAVEL CENTERS, LLC, ET AL | SECTION "N" (3) |

## **ORDER AND REASONS**

Before the Court is the defendant's Motion for Attorneys' Fees and Expenses, filed pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure. Defendant, Pilot Travel Centers LLC, contends it is entitled to recover attorneys' fees and costs (other than court costs taxed as part of the judgment previously entered herein) because plaintiff's claims pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. § 51:1401[1] *et seq.*, were groundless and brought in bad faith or for purposes of harassment.

The plaintiffs oppose the defendant's motion, contending that sufficient factual basis existed for filing this action, and that this Court, while finding that plaintiffs could not sustain their burden of proof under the statutory authorities, did not absolve defendant of responsibility for committing fraud, misrepresentation, deception, or other unethical conduct. Plaintiffs maintain that the conduct engaged in by defendant was indeed immoral, unethical, oppressive or unscrupulous, and thus the

---

[1] § 1409 of the LUTPA provides a statutory basis for this Motion for Attorneys' Fees and Expenses.

LUTPA claim, though ultimately unsuccessful, was sufficiently grounded to warrant denial of an award of attorneys' fees and expenses sought by defendant herein.

The recovery of attorneys' fees and costs in this action is governed by La. R.S. 51:1409(a), which states, in pertinent part:

> Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorneys' fees and costs.

The court notes that this award is discretionary. *Hill Wholesale Distributing Co., Inc. v. Louis W. Howat & Son,* 666 So. 2d 1252 (La. App. 2d Cir. 1996). Moreover, simply because a plaintiff's claim is not successful, even if it gets dismissed by way of summary judgment motion, does not necessarily warrant an award of attorneys' fees and costs herein.

Despite the arguments set forth in the defendant's memorandum, the Court cannot state that this action was "groundless and brought in bad faith", or was brought "for purposes of harassment." As this Court previously noted, this case presented an issue of contract interpretation, and also featured tort claims based upon the candor (or lack thereof) of parties negotiating the sale of a piece of property upon which a gambling-type operation would exist. Given that the LUTPA is, on its face, somewhat vague and quite broad in the sense that it prohibits generally "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce", the undersigned is unwilling to state that, based on the allegations of the Complaint as well as the facts eventually established through discovery, that this suit was brought in bad faith or for purposes of harassment. At the time this action was instituted, the plaintiffs' suspicion of treachery with regard to the pretenses seemingly created by the defendant was not unreasonable. Also, recognizing full well that the defendant would be less than cooperative with any further pre-trial inquiry by plaintiffs

or plaintiffs' counsel in order to establish the true nature of the negotiations and eventual transaction of which plaintiffs would not be a part, the Court cannot find that the filing of suit herein was in bad faith or merely for the purposes of harassment, despite the eventual dismissal of such claims.

Moreover, although defendant seeks an award of attorneys' fees in the amount of $37,464.50 and litigation expenses in the amount of $6,704.65, the motion is void of any support for such numbers. Specifically, not only are contemporaneous time records[2] and an itemization of expenses missing from defendant's motion, defendant does not even submit an affidavit from counsel or the defendant's law firm indicating that such bills were generated, submitted to defendant, and in fact paid by defendant to the law firm. The Court is unaware of an accounting of the litigation expenses, and the general description for the attorneys' fees (8 depositions, pleadings obviously filed into the record) do not sufficiently account for time spent generating a dollar figure of over $37,000.00. Accordingly, support for an award of attorneys' fees and costs under § 1409(a) of the LUTPA is lacking.

For these reasons, the Court denies the defendant's motion to recover attorneys' fees and expenses herein under Rule 54(d)(2) of the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this  25th  day of August, 2006.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[2]Defendant seeks to be relieved of the obligation of filing contemporaneous time records pursuant to L.R. 54.2, on grounds that those records contain privileged attorney client information. Nonetheless, privileged information in those records could be redacted, or a more general breakdown of work performed and categorized could be submitted by affidavit, i.e., x-number of hours for depositions, y-number of hours for conferences with counsel, z-number of hours for research and/or drafting of pleadings, etc. Of course, the itemization of expenses could be provided without violating any privilege.